959 F.2d 239
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harvey L. BEAGLE, II, Plaintiff-Appellant,
v.
Elaine THOMAS; Mr. Armstrong, Defendants-Appellees.
 No. 90-35726.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 26, 1991.*
Decided April 9, 1992.
 
 Before HUG, POOLE and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harvey L. Beagle, a Washington state prisoner, appeals pro se the district court's denial of his motion for a temporary restraining order and/or preliminary injunction in his civil rights action under 42 U.S.C. § 1983.[1] Beagle contends that the Washington prison photocopying policy and routine delays in the distribution of typewriter ribbons operate to deprive him of meaningful access to the courts. We have jurisdiction under 28 U.S.C. § 1292(a)(1) and affirm.
 
 
 3
 A party seeking a preliminary injunction must establish the requirements set forth in either the "traditional" or "alternative" standards for preliminary injunction. Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir.1987).
 
 
 4
 "Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief.... Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.
 
 
 5
 Id. (citations omitted). We review the denial of a preliminary injunction for an abuse of discretion. Id. at 796. We examine whether the district court based its decision on the correct legal standards and whether its factual findings were not clearly erroneous. Id.
 
 
 6
 The right of access to the courts is grounded in the fourteenth amendment's due process clause. Sands v. Lewis, 886 F.2d 1166, 1168 (9th Cir.1989). The party raising the right of access claim must allege an "actual injury" to court access, unless the claim involves the adequacy of either law libraries or legal assistance.[2] Id. at 1171. "An 'actual injury' consists of some specific 'instance in which an inmate was actually denied access to the courts.' ... Only if an actual injury is alleged does a plaintiff state a claim for which relief can be granted." Id. (citations omitted).
 
 
 7
 Beagle argued below that the Washington prison's photocopying policy was prohibitive and penalized those wishing to exercise their legal rights.[3] Beagle also claimed that the delays in distributing typewriter ribbons impeded his effort to exercise his legal rights. Nevertheless, Beagle did not allege that the prison's policies actually prevented his access to courts.[4] See Sands, 886 F.2d at 1171. Therefore, Beagle did not state a claim for which relief could be granted. See id.
 
 
 8
 Beagle failed to establish the probability of success on the merits. See Cassim, 824 F.2d at 799. Therefore, the district court did not abuse its discretion by denying Beagle's motion for preliminary injunction. See id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the district court did not specify whether it construed Beagle's motion as one for a TRO or for preliminary injunction, it treated his motion as one for preliminary injunction. Therefore, we construe and review Beagle's motion as one for preliminary injunction
 
 
 [2]
 These claims are considered core access requirements, as set forth in Bounds v. Smith, 430 U.S. 817, 828 (1977)
 
 
 [3]
 The prison charged prisoners 20cents per copy. For prisoners with less than $5.00 in savings, photocopying bills were held as debits to be deducted from the prisoner's savings account when the balance exceeded $5.00
 
 
 [4]
 In any event, a prisoner is not entitled to unlimited free photocopying, and a 20cents per copy charge is not a bar to court access. See Johnson v. Moore, No. 89-35867, slip op. at 14153, 14161 (9th Cir. October 9, 1991) (per curiam)